```
FILED
CLERK, U.S. DISTRICT COURT
6/3/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00267-MCS |
|---|---|
| Plaintiff, | INFORMATION |
| v. | [18 U.S.C. § 1344(2): Bank Fraud; 26 U.S.C. § 7201: Attempt to Evade and Defeat the Assessment and Payment of Income Tax] |
| TERRY J. HARMON, | |
| Defendant. | |

The Acting United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1344(2), 2(b)]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant TERRY J. HARMON resided in Los Angeles, Orange, and San Bernardino Counties.

2. Caring Funeral Service, Inc. ("Caring Funeral") was a corporation that owned and operated approximately sixteen funeral homes, mortuaries, and crematoriums in Los Angeles, Riverside, and San Bernardino Counties, and elsewhere. Caring Funeral operated from its business headquarters in Monrovia, California. J.E.L. was the President and majority owner of Caring Funeral.

3. Caring Funeral owned and operated the following funeral homes, among others: (1) Arcadia Chapel of Remembrance, Inc. ("Arcadia Chapel"), a funeral home located in Arcadia, California; and (2) Douglass and Zook Chapel of Remembrance ("Douglass and Zook"), a mortuary located in Monrovia, California.

4. From on or about January 2002 through on or about May 2012, Caring Funeral employed defendant HARMON as Vice President, Chief Operations Officer, and funeral director. Defendant HARMON's responsibilities included managing daily operations.

5. As a manager at Caring Funeral, defendant HARMON was authorized to issue checks on behalf of Caring Funeral entities for business-related purposes only. When issuing business-related checks, defendant HARMON was permitted to endorse the checks with his own signature or, if J.E.L. was not in the office, to use J.E.L.'s signature stamp to endorse the checks. Defendant HARMON was not authorized to issue checks on behalf of Caring Funeral entities for his personal use.

6. Defendant HARMON maintained a personal checking account in his name at JP Morgan Chase (the "Harmon JP Morgan Chase Bank Account").

7. JP Morgan Chase was a financial institution insured by the Federal Deposit Insurance Corporation.

8. Until a merger between Arcadia Chapel and Caring Funeral in approximately June 2009, J.E.L. owned 100% of Caring Funeral and approximately 70% of Arcadia Chapel, and defendant HARMON owned approximately 30% of Arcadia Chapel. Following the June 2009 merger, J.E.L. owned approximately 93.5% of Caring Funeral and defendant HARMON owned approximately 6.5% of Caring Funeral.

9. Caring Funeral maintained two business checking accounts at Nodaway Valley Bank (collectively, "Nodaway Valley Bank Accounts"). J.E.L. and defendant HARMON were signatories on the Nodaway Valley Bank Accounts.

10. Nodaway Valley Bank was a financial institution insured by the Federal Deposit Insurance Corporation.

11. Arcadia Chapel maintained a business checking bank account at Citizens Bank (the "Arcadia Chapel Citizens Bank Account"). J.E.L. and defendant HARMON were signatories on the Arcadia Chapel Citizens Bank Account.

12. Citizens Bank was a financial institution insured by the Federal Deposit Insurance Corporation.

13. Douglass and Zook maintained business bank accounts at Citizens Bank (the "Douglass and Zook Citizens Bank Account") and JP Morgan Chase (the "Douglass and Zook JP Morgan Chase Bank Account"). J.E.L. and defendant HARMON were signatories on the Douglass and Zook Citizens Bank Account and the JP Morgan Chase Bank Account.

B.  THE SCHEME TO DEFRAUD

14. Beginning on a date unknown to the Acting United States Attorney, but no later than January 2009, and continuing through in or about April 2012, in Los Angeles, Riverside, Orange, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant TERRY J. HARMON, knowingly and with intent to defraud, devised and executed a scheme to obtain monies, funds, assets, and other property owned by and in the custody of the Nodaway Valley Bank, JP Morgan Chase, and Citizens Bank, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of, with a duty to disclosure, material facts.

3

15. The fraudulent scheme was operated and carried out, in substance, as follows:

    a. Defendant HARMON would unlawfully issue checks (the "embezzled checks") for his personal use from Caring Funeral entities' bank accounts, including Caring Funeral's Nodaway Valley Bank Accounts, the Douglass and Zook Citizens Bank Account, and the Douglass and Zook JP Morgan Chase Bank Account.

    b. Defendant HARMON would endorse the checks by using J.E.L.'s signature stamp, without J.E.L.'s permission, and by signing the checks himself.

    c. Defendant HARMON then would deposit the embezzled checks into the Harmon JP Morgan Chase Bank Account and the Arcadia Chapel Citizens Bank Account. Defendant HARMON would write checks out of the Arcadia Chapel Citizens Bank Account and deposit them into the Harmon JP Morgan Chase Bank Account. Defendant HARMON sometimes would withdraw a portion of the embezzled checks in cash when he deposited them. Defendant HARMON used the embezzled checks for his personal expenses. In issuing, depositing, and cashing the embezzled checks, defendant HARMON falsely represented to Nodaway Valley Bank, Citizens Bank, and JP Morgan Chase that: (1) he was authorized to use J.E.L.'s signature stamp to endorse the embezzled checks for his personal use; and (2) he was authorized to issue, deposit, and cash the embezzled checks for his personal use, and concealed from Nodaway Valley Bank, Citizens Bank, and JP Morgan Chase that he was not authorized to issue, deposit, and cash the embezzled checks for his personal use.

    d. Defendant HARMON would deposit for his personal use checks that third parties had written to Caring Funeral entities (the

4

"embezzled third-party checks") into the Harmon JP Morgan Chase Bank Account and the Arcadia Chapel Citizens Bank Account. Defendant HARMON would issue checks from the Arcadia Chapel Citizens Bank Account and deposit them into the Harmon JP Morgan Chase Bank Account for his personal use. Defendant HARMON was not authorized to deposit and cash third-party checks for his personal use. In depositing and cashing the embezzled third-party checks, defendant HARMON falsely represented to JP Morgan Chase and Citizens Bank that he was authorized to deposit and cash the embezzled third-party checks for his personal use, and concealed from JP Morgan Chase and Citizens Bank that he was not authorized to deposit and cash the embezzled third-party checks for his personal use.

e. Defendant HARMON used the funds from the embezzled checks and embezzled third-party checks for his own personal expenses, including to pay for a house, gambling, travel, and meals.

C. EXECUTION OF THE FRAUDULENT SCHEME

16. On or about April 27, 2012, within the Central District of California, and elsewhere, defendant HARMON deposited and willfully caused the deposit of check number 6020, in the amount of $3,785, drawn on the Douglass and Zook Citizens Bank Account, into the Harmon JP Morgan Bank Account, which constituted and execution of the fraudulent scheme.

COUNT TWO

[26 U.S.C. § 7201; 18 U.S.C. § 2(b)]

Beginning on or about January 1, 2010, and continuing through on or about May 4, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant TERRY J. HARMON, a resident of Arcadia, California, willfully attempted to evade and defeat the assessment and payment of income tax due and owing by him and his spouse to the United States of America for the calendar year 2010, by committing the following affirmative acts, among others: preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent United States Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service, in which defendant HARMON failed to report as joint taxable income approximately $987,085 that he then knew he had received during 2010 from checks he embezzled from Caring Funeral Service, Inc.  As a result of such additional taxable income, there was additional income tax of approximately $289,921 due and owing to the United States of America for the calendar year 2010.

## COUNT THREE

[26 U.S.C. § 7201; 18 U.S.C. § 2(b)]

Beginning on or about January 1, 2011, and continuing through on or about May 28, 2014, in Los Angeles, Orange, and San Bernardino Counties, within the Central District of California, and elsewhere, defendant TERRY J. HARMON, a resident of Redlands, California, willfully attempted to evade and defeat the assessment and payment of income tax due and owing by him and his spouse to the United States of America for the calendar year 2011, by committing the following affirmative acts, among others: preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent United States Individual Income Tax Return, Form 1040, and a false and fraudulent Amended United States Individual Income Tax Return, Form 1040X, which was submitted to the IRS, in which defendant HARMON failed to report as joint taxable income $605,344 that he then knew he had received during 2011 from checks he embezzled from Caring

//
//
//

Funeral Service, Inc. As a result of such additional taxable income, there was additional income tax of approximately $200,005 due and owing to the United States of America for the calendar year 2011.

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

CASSIE D. PALMER
Assistant United States Attorney
Deputy Chief, General Crimes Section